# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CASEY L. SMITH,**

       **Plaintiff,**

**v.**                                                                   **Case No:  6:19-cv-1962-Orl-LRH**

**COMMISSIONER OF SOCIAL SECURITY,**

       **Defendant.**

## MEMORANDUM OF DECISION

Casey L. Smith ("Claimant") appeals the Commissioner of Social Security's ("Commissioner") final decision denying his application for disability benefits. (Doc. 1). The Claimant raises several arguments challenging the Commissioner's final decision and, based on those arguments, requests that the matter be reversed and remanded for further proceedings. (Doc. 18 at 29-39, 57-58). The Commissioner argues that the Administrative Law Judge ("ALJ") committed no legal error and that her decision is supported by substantial evidence and should be affirmed. (*Id*. at 39-58). Upon review of the record, the Court finds that the Commissioner's final decision is due to be **REVERSED** and **REMANDED** for further proceedings.

**I.**      **Procedural History**

This case stems from the Claimant's May 19, 2015 application for disability insurance benefits ("DIB"). (R. 544-45). The Claimant initially alleged a disability onset date of February 1, 2012, which he later amended to September 11, 2013. (R. 208, 544, 701). The application was denied on initial review and on reconsideration. The matter then proceeded before Administrative

Law Judge Lissette Labrousse, who held a hearing on April 7, 2017. (R. 291-325).[1] Judge Labrousse entered an unfavorable decision on June 27, 2017. (R. 357-69). The Claimant requested review of that decision, which the Appeals Council granted. (R. 377-78). On November 14, 2017, the Appeals Council entered an order vacating Judge Labrousse's decision and remanded the case, with instructions, for further proceedings. (*Id.*).

On remand, Judge Labrousse held a second hearing on April 13, 2018. (R. 251-90). A third hearing was held before a different ALJ, Judge Mary Brennan, on February 8, 2019. (R. 206-50).[2] Judge Brennan (hereinafter, the "ALJ") entered a partially favorable decision on May 2, 2019, finding the Claimant was not disabled through March 15, 2017 and, after that date, was disabled. (R. 26-40). The Claimant requested review, but the Appeals Council denied his request. (R. 11-13). This appeal followed.

## II.   The ALJ's Decision

The ALJ performed the five-step evaluation process set forth in 20 C.F.R. § 404.1520(a)(4) in reaching her decision.[3] First, the ALJ found the Claimant met the insured status requirements of the Social Security Act through September 30, 2017, and that he has not engaged in substantial gainful activity since the alleged onset date. (R. 28). These findings are significant because a

---

[1] The Claimant attended that hearing without a representative. (R. 293).

[2] The Claimant attended the second and third hearings with a representative. (R. 206, 251).

[3] An individual claiming Social Security disability benefits must prove that he or she is disabled. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). The five steps in a disability determination include: (1) whether the claimant is performing substantial, gainful activity; (2) whether the claimant's impairments are severe; (3) whether the severe impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) whether the claimant can return to his or her past relevant work; and (5) based on the claimant's age, education, and work experience, whether he or she could perform other work that exists in the national economy. *See generally Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004) (citing 20 C.F.R. § 404.1520).

claimant seeking DIB is eligible for such benefits where he demonstrates disability on or before his date last insured. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). The Claimant was therefore required to demonstrate that he became disabled sometime between his alleged onset date and September 30, 2017. *Id*.

The ALJ found the Claimant suffered from the following severe impairments during the relevant period: lumbar disc disease with central disc protrusion; cervical disc disease with disc protrusion; chronic pain syndrome; migraines; obesity; depression; and anxiety. (R. 29). In addition to these severe impairments, the ALJ also found the Claimant suffered from non-severe impairments of chronic sinusitis and obstructive sleep apnea. (*Id*.) The ALJ found that none of the foregoing impairments, individually or in combination, met or medically equaled any listed impairment. (R. 29-31).

The ALJ found that prior to March 16, 2017 the Claimant had the residual functional capacity ("RFC") to perform sedentary work as defined by 20 C.F.R. § 404.1567(a)[4] with the following limitations:

> [T]he claimant can never climb ladders, ropes, and scaffolds or crawl; he can occasionally climb ramps and stairs, stoop, balance, or crouch; the claimant can frequently kneel; he can occasionally reach overhead; the claimant can have occasional exposure to vibrations and work hazards, such as working in high places and in close proximity to industrial equipment; and he can perform simple, routine, and repetitive tasks for two-hour segments over an eight-hour workday.

(R. 31). In light of this RFC, the ALJ determined that the Claimant was unable to perform his past relevant work prior to March 16, 2017, but he was able to perform other work in the national

---

[4] Sedentary work is defined as "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a).

economy during the same timeframe. (R. 38-39). Accordingly, the ALJ concluded that the Claimant was not disabled between his alleged onset date and March 15, 2017. (R. 40).

The ALJ then found the Claimant's RFC changed on March 16, 2017, finding that he had an RFC to perform sedentary work as defined by 20 C.F.R. § 404.1567(a) with the following limitations:

> [H]e can walk and stand for two hours but sit for less than six hours; the claimant can never climb ladders, ropes, and scaffolds or crawl; he can occasionally climb ramps and stairs, stoop, balance, or crouch; the claimant can frequently kneel; he can occasionally reach overhead; the claimant can have occasional exposure to vibrations and work hazards, such as working in high places and in close proximity to industrial equipment; he can perform simple, routine, and repetitive tasks for two-hour segments over an eight-hour workday; and the claimant would be absent from work over two times per month due to chronic pain.

(R. 36). In light of this RFC, the ALJ found that the Claimant was unable to perform his past relevant work or other work in the national economy after March 16, 2017. (R. 38, 40). Accordingly, the ALJ concluded that the Claimant was disabled from March 16, 2017 through the date of her decision (May 2, 2019). (R. 40).

### III.   Standard of Review

The scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards and whether the Commissioner's findings of fact are supported by substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). The Commissioner's findings of fact are conclusive if they are supported by substantial evidence, 42 U.S.C. § 405(g), which is defined as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision, when determining whether the decision is supported by substantial evidence. *Foote v. Chater*, 67 F.3d 1553, 1560

(11th Cir. 1995).  The Court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm it if the decision is supported by substantial evidence.  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

## IV.    Analysis

This appeal centers on the ALJ's handling of opinions from APRN Joanne Marino ("Nurse Marino") and two treating sources, Drs. Paul Biggs and Karen R. O'Kelly.  (Doc. 18 at 29-39). First, the Claimant contends that the ALJ erred by not weighing Nurse Marino's opinion concerning his physical limitations.  (*Id*. at 31).  Second, the Claimant contends that the ALJ did not articulate adequate, good cause reasons to assign Dr. Bigg's opinion less than controlling weight.  (*Id*. at 31-35).  Third and finally, the Claimant contends that the ALJ failed to weigh one of Dr. O'Kelly's opinions and did not articulate adequate, good cause reasons to assign another one of her opinions less than controlling weight.  (*Id*. at 35-39).  The Court will begin with the Claimant's second argument since it is dispositive of this appeal.

The ALJ is tasked with assessing a claimant's RFC and ability to perform past relevant work. *Phillips*, 357 F.3d at 1238.  The RFC "is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments."  *Lewis*, 125 F.3d at 1440.  In determining a claimant's RFC, the ALJ must consider all relevant evidence, including the medical opinions of treating, examining and non-examining medical sources, as well as the opinions of other sources.  *See* 20 C.F.R. § 404.1545(a)(3); *see also Rosario v. Comm'r of Soc. Sec.*, 490 F. App'x 192, 194 (11th Cir. 2012).[5]

---

[5] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority.  *See* 11th Cir. R. 36-2.

The ALJ must consider a number of factors in determining how much weight to give each medical opinion, including: 1) whether the physician has examined the claimant; 2) the length, nature, and extent of the physician's relationship with the claimant; 3) the medical evidence and explanation supporting the physician's opinion; 4) how consistent the physician's opinion is with the record as a whole; and 5) the physician's specialization. 20 C.F.R. § 404.1527(c).

A treating physician's opinion must be given controlling weight, unless good cause is shown to the contrary. 20 C.F.R. § 404.1527(c)(2) (giving controlling weight to the treating physician's opinion unless it is inconsistent with other substantial evidence); *see also Winschel*, 631 F.3d at 1179. There is good cause to assign a treating physician's opinion less than controlling weight where: 1) the treating physician's opinion is not bolstered by the evidence; 2) the evidence supports a contrary finding; or 3) the treating physician's opinion is conclusory or inconsistent with the physician's own medical records. *Winschel*, 631 F.3d at 1179.

The ALJ must state the weight assigned to each medical opinion, and articulate the reasons supporting the weight assigned. *Id*. The failure to state the weight with particularity or articulate the reasons in support of the assigned weight prohibits the Court from determining whether the ALJ's ultimate decision is rational and supported by substantial evidence. *Id*.

The Claimant treated with Dr. Biggs, his primary care physician, through much of the relevant period. (R. 1091-94, 1194-98, 1205-09, 1247-51, 1351-55, 1383-87, 1472-73, 1490-94, 1523-27). On August 7, 2017, Dr. Bigg's completed a physical RFC assessment. (R. 1530-33). In it, he opined that since July 31, 2014, the Claimant has had the following limitations: he can frequently lift/carry five (5) pounds and can occasionally lift/carry (10) pounds; he can only sit for fifteen (15) to thirty (30) minutes at a time, he can only stand/walk for ten (10) minutes at a time; he can sit for a total of four hours in an eight-hour workday; he can only walk/stand for one hour in

an eight-hour workday; he would need to recline for three (3) hours during an eight-hour workday; he would need to lie down/recline/elevate legs every three to four hours in an eight-hour work day; he requires use of a walker or cane; he can never climb, balance, stoop, crouch, kneel, or crawl; he has a limited ability to grasp, reach, and push/pull with his upper extremities; he cannot perform repetitive tasks with his hands and feet; his medications affect his ability to drive; he cannot tolerate stress; and he would miss at least three (3) days of work each month due to his impairments. (R. 1530-33).

> The ALJ considered this opinion and assigned it little weight, explaining:
>
> The degree of limitations is not supported by the record as it is greater than that alleged by the claimant. Moreover, this degree of limitation is inconsistent with the claimant's activities of daily living, which include driving when necessary, completing college, and physical examinations that reflect that the claimant can ambulate without a walker, as discussed above.

(R. 36-37).

The Claimant argues that the ALJ's statement that the limitations in Dr. Bigg's opinion are greater than those alleged by the Claimant is both conclusory because the ALJ does not highlight the allegations that are allegedly inconsistent with Dr. Bigg's opinion, and is also not supported by substantial evidence because the Claimant's alleged limitations are in fact consistent with Dr. Bigg's opinion. (Doc. 18 at 32-34 (citing R. 219, 223, 604, 607)). The Commissioner seemingly concedes that the ALJ's first reason lacks sufficient detail, but nevertheless argues that "this is not a reason to remand, as the ALJ provided additional reasons for discounting Dr. Bigg's opinion, *i.e.*, that it was 'not supported by the record' and was inconsistent with [Claimant's] daily activities and physical examinations." (*Id*. at 50).[6] The Court agrees with the Claimant.

---

[6] Considering the context in which the phrase "not supported by the record" appears, the Court interprets the phrase as a reference to the Claimant's alleged limitations, as opposed to other medical evidence as the Commissioner seems to suggest in his argument in support of the weight

The ALJ's statement is conclusory at best, as it is unclear to what allegations the ALJ is referring. Thus, in order to find this reason supports the weight assigned to Dr. Bigg's opinion, the Court would have to speculate about the evidence to which the ALJ was referring. The Court cannot engage in such an analysis where, as here, the ALJ has not identified the allegations that contradict Dr. Bigg's opinion. *See Paltan v. Comm'r of Soc. Sec.*, No. 6:07-cv-932-Orl-19DAB, 2008 WL 1848342, at *5 (M.D. Fla. Apr. 22, 2008) ("The ALJ's failure to explain how [the treating physician's] opinion was 'inconsistent with the medical evidence' renders review impossible and remand is required."); *see also Gooding v. Comm'r of Soc. Sec.*, No. 6:18-cv-348-Orl-37LRH, 2019 WL 2142952, at *7 (M.D. Fla. May 1, 2019) (finding decision to reject treating physician opinion was not supported by substantial evidence where the ALJ made a broad statement that the claimant's "rather conservative care with normal physical exam findings...more appropriately supports light exertional work," without further explanation or citation to any specific evidence in support), *report and recommendation adopted*, 2019 WL 2137414 (M.D. Fla. May 16, 2019). This is particularly true where the record contains allegations from the Claimant that appear to be consistent with Dr. Bigg's opinion, including allegations that the Claimant uses a cane, walker, or wheelchair to ambulate (R. 219, 230), spends most of his day reclining due to pain and medication side effects (R. 223), and gets a burning sensation after sitting for more than twenty (20) minutes (R. 604).[7] Thus, the Court cannot say that the ALJ's conclusory statement as to why she afforded Dr. Bigg's August 2017 opinion little weight constitutes good cause, and is supported by substantial evidence.

---

assigned to Dr. Bigg's opinion.

[7] This is not to say that some of the Claimant's allegations may contradict Dr. Bigg's opinion. The issue here is that the ALJ did not point to any such allegations, especially in the context of weighing Dr. Bigg's opinion. This frustrates the Court's ability to meaningfully determine whether the ALJ's explanation as to why she assigned Dr. Bigg's opinion less than controlling weight is supported by substantial evidence.

The Claimant further argues that the ALJ's secondary reason for assigning Dr. Bigg's opinion little weight is based on a misinterpretation of the record evidence, and therefore does not equate to good cause. (Doc. 18 at 33-35). In response, the Commissioner argues that the ALJ's reason is supported by substantial evidence, as well as other evidence of record to which the ALJ did not cite. (*Id*. at 50-54). The Court is again persuaded by the Claimant's argument, albeit for slightly different reasons than the Claimant articulated.

There are several issues with the ALJ's reliance on the Claimant's activities of daily living (driving and completing college) and physical examinations showing his ability to ambulate without a walker. First, it is unclear how the Claimant's completion of college undermines the physical limitations set forth in Dr. Bigg's opinion, considering that he took most of his classes online from home. (R. 216). By doing so, there was no need to travel to campus, walk to class, or carry course materials.[8] The ALJ has not articulated how completion of college through online classes undermines the physical limitations in Dr. Bigg's opinion, and the Commissioner has not cited to any authority on this point. The Court is therefore not persuaded that reliance on the Claimant's completion of online college courses is good cause to give little weight to Dr. Bigg's opinion.

The second issue relates to the ALJ's reliance on the Claimant's ability to drive when necessary and his ability to ambulate without a walker. There is no question this evidence narrowly contradicts those portions of Dr. Bigg's opinion dealing with the Claimant's inability to drive and the need for a walker. However, it is unclear how these reasons undermine the many other limitations contained in Dr. Bigg's opinion, including, but not limited to, the Claimant's ability to lift/carry objects, the need to recline, his ability to climb, balance, stoop, crouch, kneel, or crawl, or

---

[8] While the Court recognizes that there is evidence that the Claimant did attend some in-person classes, he testified that he struggled in those classes due to pain, which appears to be the impetus for him transferring to online coursework. (R. 216).

the need to use a cane, which Dr. Bigg's mentioned several times in his treatment notes (R. 1093, 1208). Accordingly, the ALJ has failed to point to evidence that contradicts most of the limitations in Dr. Bigg's opinion, and, as a result, the Court cannot say that the ALJ's narrow reasons are sufficient to assign the entire opinion, which, again, covers a vast array of physical limitations, little weight.[9] Considering this and the Court's previous findings, the Court concludes that the ALJ did not state sufficient good cause to assign Dr. Bigg's opinion less than controlling weight.

In light of the foregoing, the case is due to be reversed and remanded for further proceedings. In so finding, the Court declines to rule on the Claimant's arguments concerning the weight (or lack thereof) assigned to Nurse Marino's and Dr. O'Kelly's opinions because the ALJ's handling of Dr. Bigg's opinion is dispositive of this appeal. *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record); *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 963 n.3 (11th Cir. 2015) (no need to analyze other issues when case must be reversed due to other dispositive errors). That said, on remand, the ALJ should consider and weigh Nurse Marino's opinion (R. 920), *see* 20 C.F.R. § 404.1527(f)(2), as well as two less comprehensive opinions from Dr. Biggs (R. 890) and Dr. O'Kelly (R. 1507-08).

## V.   Conclusion

Accordingly, it is **ORDERED** that:

1. The Commissioner's final decision is **REVERSED** and **REMANDED** for further

---

[9] The Claimant and Commissioner also point to other evidence that the ALJ did not cite in support of the weight assigned to Dr. Bigg's opinion, including recommendations for and against back surgery, that the Claimant worked on his home, takes walks, and goes to the pool. (Doc. 18 at 35, 51-52). Since the Court's focus is on the ALJ's reasoning and whether it constitutes good cause and is supported by substantial evidence, the Court has not considered the other evidence the parties (but not the ALJ) point to in support of their respective positions. *See, e.g.*, *Dempsey v. Comm'r of Soc. Sec.*, 454 F. App'x 729, 733 (11th Cir. 2011) (A court will not affirm based on a post hoc rationale that "might have supported the ALJ's conclusion.") (quoting *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984)).

proceedings consistent with this Order pursuant to sentence four of 42 U.S.C. § 405(g).

2. The Clerk is **DIRECTED** to enter judgment in favor of the Claimant and against the Commissioner, and to close the case.

**DONE** and **ORDERED** in Orlando, Florida on January 29, 2021.

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable Mary Brennan
Administrative Law Judge
Office of Hearings Operations
Suite 1000, 10th Floor
500 East Broward Blvd
Ft Lauderdale, FL 33394-9978